

# Fourth Court of Appeals
## San Antonio, Texas

## CONCURRING OPINION

No. 04-22-00338-CR

Paul Anthony **GARCIA**,
Appellant

v.

The State of **TEXAS**,
Appellee

From the 451st Judicial District Court, Kendall County, Texas
Trial Court No. 5398
Honorable Kirsten Cohoon, Judge Presiding

Opinion by:    Beth Watkins, Justice
Concurring Opinion by: Liza A. Rodriguez, Justice

Sitting:    Beth Watkins, Justice
            Liza A. Rodriguez, Justice
            Lori I. Valenzuela, Justice

Delivered and Filed: March 6, 2024

The majority declines to decide if indigent defendants who are represented by court-appointed counsel have the right to be represented by additional retained or pro bono co-counsel of their choosing, but that is precisely the issue presented in this case. To provide clarity to the bench and the bar, I would decide that issue today.

Three of our sister courts have held that a right to additional retained or pro bono co-counsel does not exist for indigent defendants who have court-appointed counsel,[1] but I would

---

[1] *Whitney v. State*, 396 S.W.3d 696, 700-01 (Tex. App.—Fort Worth 2013, pet. ref'd) (holding Sixth Amendment was not violated when trial court excluded non-appointed counsel from actively participating as co-counsel

hold that it does. As pointed out in the dissenting opinion in *Trammell v. State*, the issue is not whether a defendant can demand court-appointed counsel of his choosing, the issue is whether a defendant who has court-appointed counsel has the right to be represented by additional retained or pro bono co-counsel of his choosing. *See Trammell v. State*, 287 S.W.3d 336, 344 (Tex. App.—Fort Worth 2009, no pet.) (Dauphinot, J., dissenting). In my view, an indigent defendant is entitled to the same right to counsel as a non-indigent defendant, who can engage as many lawyers as he deems necessary to aid in his defense. *See id*. Thus, I would hold that Garcia had a right to be represented by additional retained or pro bono co-counsel of his choosing.

But our inquiry does not end there. Like a non-indigent defendant's right to retained counsel of choice, an indigent defendant's right to additional retained or pro bono co-counsel of his choice is a qualified right, and the trial court has wide latitude to balance that right against the needs of fairness and the demands of the trial court's calendar. *See United States v. Gonzalez-Lopez*, 548 U.S. 140, 151-52 (2006). Accordingly, I join the majority's remaining analysis and its conclusion that—on these particular facts—the trial court did not abuse its discretion by failing to formally recognize Garcia's additional retained or pro bono co-counsel of his choosing. With these comments, I respectfully concur.

Liza A. Rodriguez, Justice

DO NOT PUBLISH

---

alongside court-appointed counsel); *Trammell v. State*, 287 S.W.3d 336, 343-44 (Tex. App.—Fort Worth 2009, no pet.) (holding trial court did not abuse its discretion when it excluded defendant's pro bono co-counsel from trial); *see also Mitchell v. State*, No. 07-22-00359-CR, 2023 WL 4635054, at *2 (Tex. App.—Amarillo July 19, 2023, pet. ref'd) (mem. op., not designated for publication); *Martinez v. State*, No. 05-17-00817-CR, 2018 WL 2434409, at *5 (Tex. App.—Dallas May 30, 2018, pet. ref'd) (mem. op., not designated for publication).